Hillsborough,
No. 4762.

VIOLET M. SENTER & a. v. ROBERT P MACLEOD & a.

Argued September 2, 1959.

Decided October 6, 1959.

*Morris D. Stein* (by brief and orally), for the plaintiffs.

*McLaughlin & Enright* (*Mr. McLaughlin* orally), for the defendants.

BLANDIN, J. The parties agree that the sole issue is "whether or not Clyde R. Senter's death arose out of and in the course of his employment," so that the plaintiffs are entitled to compensation under RSA ch. 281, as amended by Laws 1957, c. 187.

It appears that at the time of his decease on August 16, 1957, Senter, husband of the plaintiff Violet M. Senter, and father of the plaintiff James P. Senter, was employed in the welding shop of the defendant MacLeod Company. There was testimony that on Sunday, August 4, 1957, on a day when he was not working for the defendant and some two weeks before his death, Senter broke a gallon jug of carbon tetrachloride in his cellar where he had gone to clean his own paint brushes. Shortly thereafter he became dizzy, lay down near where the carbon tetrachloride was spilled and slept for an hour or two. The next day he was taken ill, became nauseated and continued so until his death. On August 14, he was taken to the hospital where he died two days later.

His own physician testified that the cause of Senter's death was "over-inhalation of carbon tetrachloride" causing death due to kidney damage. He further gave the opinion that only a heavy or acute exposure, such as the deceased received in his cellar, would

cause such a death, and that a gradual or moderate exposure, such as could be found to have occurred in the course of the decedent's work, would not cause death from kidney damage, but would rather cause a non-fatal damage to the liver.

Considering the record as a whole the Trial Court's finding that any use of carbon tetrachloride by Senter in connection with his work for the defendant company was not "the cause or a concurring cause" of his death was warranted. So too, was the Court's further finding that his use of carbon tetrachloride in his own cellar had nothing to do with his employment. While other conclusions might perhaps have been drawn from the evidence they were not compelled and the plaintiffs' exceptions to the dismissal of their appeal, to the denial of their motions that a decree be entered for them notwithstanding, and for a new trial are overruled. The order is

*Appeal dismissed.*

All concurred.